The AG essentially concedes by not arguing otherwise in the brief that Mr. De La Torre's special agricultural worker application was improperly denied. Instead, they seek to have him removed on the narrow procedural grounds that at this point the only thing that can be reviewed is whether or not his appeal to the Administrative Board was timely. Petitioners will show, first, that whether or not his appeal to the Administrative Board isn't the issue to be reviewed now. Under the statute, the Administrative Appeal and a judicial review at the time of deportation are separate. Why didn't you challenge either of the BIA decisions that you now appeal from, either in your opening brief or your reply brief? The BIA decisions for withholding of removal? Uh-huh. Because those weren't, I mean, those aren't appealable, essentially. The court granted this review in order to review the special agricultural worker application and denied review of the withholding of removal. And you're familiar with our case law with respect to waiver and issues that are not raised are waived? Are you speaking about the Legalization Appeals Unit finding or the BIA? BIA finding. The BIA finding. If there's an issue that's raised below and you don't raise it or it's not raised in your opening brief or your reply brief or it's not raised below, then we really don't need jurisdiction to hear it. Only the Ninth Circuit has judicial review over a SAW application after there's already been a determination of deportation. Under Perez-Martin, there's the BIA doesn't have any authority to review that SAW application. It can make a withholding of removal determination, as it did in this case, where it found that Petitioners weren't eligible for that. But the SAW application can't be reviewed until after it makes that determination, finds that the Petitioners. But the LAO found that your client's application was late. Yes. And so what defense do you have to BIA's decision to remove your client? You don't have a SAW defense because the LAO has said, we previously determined that your client was not eligible for special agricultural SAW privilege. And his appeal to our unit was late. And so there's no further appeal. So how do we get to the merits of the SAW claim when your client seems to have sat on his rights? Well, the BIA, again, couldn't have reviewed the SAW application even if it had wanted to under the statute. Under the statute, there's a procedure for an administrative review of the INS's determination at the time the application was filed and denied by the service center. Then there can be a review to the LAO. At that point, there's no judicial review after that. There is a judicial review at the time of deportation of the underlying. Right. But the underlying decision is, yet your client was late. And so I didn't see any argument as to why your client wasn't late in his appeal to the LAO. I'm trying to figure out what it is that we can review here. Well, under the statute, the language states that the judicial review is of the denial itself. I believe that the administrative review and the judicial review are separate. It states that the administrative record that's to be reviewed and the judicial review are the findings in fact of fact and determination at the time of the administrative review. But in this case, the administrative board didn't make any findings of fact or legal determinations. They simply dismissed. Right. However, we did argue that their decision to dismiss his appeal as untimely was incorrect. They rely on this July 17th notice that they sent him, but they remailed it again in December. So their own record suggests that it wasn't in fact received. There's no reason for them to ---- But there's no reason for us to doubt that he received it in July, is there? His signature is on the receipt. Well, there is a receipt from July, but it may not have been that that was a receipt for that denial. Given that they found some reason to remail this denial in December, and there's no reason in the record that ---- He didn't ask for the denial to be remailed in December. He states in January that it wasn't received, but they decided on their own to remail in December. They also had this appeal for five years, and under the Federal regulations, they're not even supposed to process an appeal that's late. Yet they processed it for five years until they decided that it was late. So it appears from the record that there was probably some confusion after this five years as to whether or not it was the December notice that applied or the July notice that applied. But he did appeal within 30 days of that December notice that they sent him, which says on his face, you have 30 days. Counsel, let's suppose that we were ---- that we thought that you hadn't waived your arguments about the BIA and the Lau, and that we were to reach the merits and that we were to agree with you that the evidence was too thin, that Mr. Camacho had not had the contract until May and so forth, and that we were to agree with you that your client probably had demonstrated at least 90 days of service as an agricultural worker in whatever year it was, 1987, was it? Yes. What else were your ---- what are we supposed to do after that? What was it that you want us to do? And then my second question is, what additional burdens does your client have to show? Is he eligible on a simple showing of 90 days for one time in 1987? Because it's pretty clear ---- it looks pretty clear to me that he didn't work in the fields after 1987. He went and did something else. Yes. Under the statute, 8 U.S.C. section 1160, you are automatically granted citizenship if you've worked 90 man days during that one-year period. You don't have to work before or after that or more than 90 days. It's automatic. The AG doesn't even have any discretion. So at this point, if the court were to find that that ---- that he had satisfied that, then he would automatically be granted citizenship. There would be no discretion involved. Additionally, under Perez Enriquez v. Gonzalez, it wouldn't even be necessary to remand at this point because that statute is so clear there would be nothing for the LAU to decide at this point. If there are no further questions, I'd like to reserve the manager of my time. Okay. Thank you. May it please the Court. Eric Marstow with the Attorney General. This Court can only consider the LAU's denial of Petitioner's appeal because it was untimely. Because Petitioners failed to address the substance of the LAU's decision in their opening brief, they have waived the issue on appeal and this petition for review should be denied. We believe that the LAU's decision is the only decision reviewable by this Court for a few reasons. First is basically under the Doctrine of Exhaustion, which as this Court in last year described in AmeriCorps v. National Labor Relations Board, exhaustion serves two vital purposes. One is that it gives the agency an initial opportunity to correct its mistake before the courts intervene. And two, it enables the creation of a complete administrative record should judicial review become necessary. Accordingly, it would be improper to review the director's denial of the SAW application on the merits. This Court should only review whether the LAU abused its discretion in denying the appeal is untimely. Additionally, the statute suggests that the Court only reviews the LAU decision, Section 1160E3b of 8 U.S. Code, which describes the judicial review provisions for review of SAW denials, states that the Court's review shall be based solely upon the administrative record established at the time of the review by the appellate authority. We believe that the word appellate there is important and that, therefore, it should be reviewed. Counsel, if we decided to look through this, overlook any questions about waiver and reach the merits, what should we do at that point? You've made no argument on the merits. So at that point, what is it the government would like us to do if we decided to reach the merits of this? If the Court determines that the LAU abused its discretion and improperly denied the appeal as untimely, then the case should be remanded back to the LAU, which is a part of the Administrative Appeals Unit. It should be remanded back so that the appellate body can make a determination on the actual substance and merits of the claim in the first instance, something that has never occurred. And it can review whether the 90-day threshold was met or not. The LAU is still in existence? I'm not sure. I know that the Administrative Appeals Unit has authority. These sorts of cases are technically remanded back to the AAU. I know at one time the LAU was a part of the AAU. I'm not sure if it still is or not. But the AAU has authority. And just for my edification, is counsel correct, is Mr. Duke correct, that all that Mr. De La Torre has to show is 90 days of working in the fields and that makes him eligible for LPR status and then ultimately citizenship? It initially makes him eligible for temporary resident status, and then after a prescribed amount of time he can become eligible for LPR status, just based on that 90 days in that period. That's what the 1986 clause says. He doesn't have to show any continuing work in the fields or anything else, so that one 90-day period would be sufficient. That's correct. I believe, though, he would also have to establish that he, before being granted temporary resident status, he would have to establish that he is not barred by any subsequent behavior that would prevent him from obtaining such status. So his behavior in any sort of criminal actions, which I don't, none of that is part of the record, but that would be considered before he was granted such status. Why did the LAU send him a second notice? That is unclear from the record. It could have been just an administrative step. It doesn't really matter because, as the LAU noted, there is the signature sheet that indicates that Mr. De La Torre received the initial July 1990. Did the second notice advise him of the deadline for filing? It would, the notice of decision, or the remand? Well, the second notice that they sent him, which was in December of, remind me which year this was. December of 1991. Okay. December of 1991. What did that advise him? What did it tell him? According to the record, it appears that it was the exact same form that was sent in July of 1991. So it should have advised him that he had a deadline to meet in January of 1992. Is that correct? It would have said 30 days, yes. Do we actually have the notice in the record? It is. It is on page, I believe it is 12. Page 12, Your Honor. I could be wrong. I don't have it. I'm going to grab it. And then the problem is that he misses that by one day. Is that correct? No. The problem, actually, with the LAU found was that it didn't focus on the December 1991 remailing. They focused on the initial July 1991 mailing of the decision, which – I'm sorry. It's not page 12, Your Honor. I believe it's page 27 of the – and there's two records in this case. There's another thing. It is part of the SAW record, which is the Legalization Administrative Record. And I believe it's page 27 is the decision. And it indicates that on the second page, underscored, is that a notice of appeal must be filed within 30 days of this notice. And what the LAU found was that the decision was received by Mr. De La Torre in July of 1991, that he did not file his appeal until January of 1992, January 13th, and that therefore it was untimely. The fact that it was remailed on December 20th, 1991, or at least there's a handwritten note indicating that it was, was not the basis of the LAU's decision. Okay. Now, the – I've got – I'm showing on page 27. I'm showing a stamped date with – looks like actually somebody's either clarified or handwritten on there, July 15th, 1991. And there's handwritten, Remail 12-20-91. That's correct, Your Honor. And then on page 28, that's the second page of the letter from Joseph Thomas. It says that your notice of appeal must be filed within 30 days of this notice. And is that 30 days within July 15th or 30 days of 12-20? The LAU found that it was 30 days of July 15th. It's – Well, he didn't miss it by one day, then. He missed it by months. No, I don't believe the LAU said that. I don't believe I did either. If I did, I was incorrect. He missed it by about six months. However, it would have been, as Petitioner's counsel has noted, it was within 30 days of the remail date. However, the LAU – It was or was not within 30 days? It was within. It was – the remail was 12-20. The appeal was filed on January 13th, 1992. So it was only untimely based on the July 15th, 1991. Okay. Who wrote Remail 12-20-91? That's unclear, Your Honor. But what the LAU found – and it's also important to remember the standard of review in this sort of case. Okay. Why would we even send him the second notice if he was already late? He had to file that then by sometime in August. Yes, Your Honor. So why was he sent a second notice in December? It's not entirely clear. There is some indication – I mean, this is sticking a finger in his eye, right? We're sending him a notice to let him know that he's four months late on filing his notice. I have to say, now I'm confused. Maybe you can help us with this, counsel. Is there some kind of a return receipt or other evidence in the record that shows that the July decision was received by the petitioner? Yes, there is, Your Honor. And what page is that on? Page 29 of the legalization record states – is a signed postal form 3811, which is a return receipt, which was signed by Mr. De La Torre on July 17th, 1991. It was date stamped by the INS on – as received, and it appears to be July 19th, 1991. So regardless of why somebody remailed it, that was kind of superfluous because the decision was originally sent in July. It was acknowledged, received. There was a return receipt stamped July 17th, 1991. So the petitioner clearly had this who was months late. And that's what the LAU found, Your Honor. Okay. Judge Bybee, I'd like to point you to page 13, which is – it doesn't help a lot, but it might help a little bit. It is a titled review sheet for cases to the LAU, and it indicates that the decision – there was a request for the notice of the decision to be resent, and that it was remailed on 12-2091. It doesn't provide any other explanations than that, but it does provide that it was remailed. That could have been a purely administrative act. Just if somebody requests a notice, they can have it resent to them. It could have been as simple as that. Could the petitioner himself have requested that? It says that the applicant appealed. It seems that the applicant did request it, although there is no request in the record. Okay. But what is important, too, is that the standard of reviews is that the findings of the LAU and its determinations can only be – are conclusive unless the applicant can establish an abuse of discretion or that the findings are directly contrary to clear and convincing fact contained in the record. So to that extent, to the extent that there are any ambiguities in this record, we would say that that means that the government should prevail because the petitioner has failed to show that the findings are directly contrary to clear and convincing facts contained in the record. For these reasons, we believe the petition for review should be denied. Now, tell me what the AR-13 is. Tell me what that is. I'm not entirely sure. This looks like a sheet that's used for – is this a LAU-issued document? It looks like it. I have to be honest. I'm speculating. But my guess is that this was a document produced by the LAU to go access a page in the record or to access the district director's decision for remailing of that decision. I imagine that once the director issues the initial denial, the notice of decision, the record is probably sent to the LAU in case there is an appeal filed. Although, again, I'm speculating on that, so I'm not entirely sure. But it's difficult to say exactly what this form does, but it does indicate that there apparently was a request for a copy of the notice of decision and that it was remailed on December 20, 1991, which would be consistent with the remail handwritten indication on the notice of decision. And they would give them a time to overcome the basis for denial, which suggests that they had already determined to deny it. It appears that way. Okay. I see. Okay. Thank you, Your Honor. Thank you. Thank you. With respect to the waiver argument briefly, I'd like to address the fact that given that the AG has been able to fully brief the issue and was the one who actually raised that issue, we don't think that there's been, with respect to the timeliness, a waiver. But, again, with respect to the notice that was mailed in December, he received this notice. Again, he's not an English speaker at the time. They know this. They sent him a notice entirely in English. It says you have 30 days from this point to appeal. There's no reason for him to believe that they don't mean 30 days from the day they sent it. If, indeed, his right at appeal had already expired, they should have sent him a notice saying that. Well, there is some evidence in the record that suggests that the Laos sent it to him in December on his request. There's no evidence in the record that he requested that. I understand we don't have any direct evidence. It's sort of reflective evidence. But the problem was that he had received a notice, and there's really no reason for us or for you to dispute that he received that on July 17, 1991. I do understand that. But even if they're just resending it upon his request, they're sending him a notice that says you have 30 days, and they're dating at a different date. Yeah, well, okay. It would have been 30 days for him to try and reopen the record. What does he file in January of 1992? He filed an appeal to the LAU just the way that that notice that he received requested. And, again, they kept this appeal for five years. So he had no reason to believe that it, in fact, wasn't timely because the regulations say they don't even accept untimely appeals for processing. So he gets this notice. It says you have 30 days. He appeals within 30 days. They keep the appeal for five years. He would have no reason to suspect that he hadn't, you know, followed the directions, you know, correctly. Yeah, although it seems like somebody might be curious as to whether it had been granted. I mean, silence doesn't equate to it being granted, I don't think. Well, I would have to double-check the record. I assume he knew that they had received it. I'm sorry to say this, but for somebody in Mr. De La Torre's position, of course, no news is not necessarily bad news because he's allowed to stay in the United States in the interim. So there's really no reason for him to want to go and pester the LAU to come up to a decision that may not be in his favor. That's true. But I think after five years of processing, he would have a right to think that his appeal was at least timely, even if it would not have been granted, and that he had exhausted his administrative remedies. Yeah. What else could he have done? If the LAU had responded the following day after he filed it and said it's too late, what else would he have done? Then he could have argued at that time that it was, in fact, timely. But he certainly wouldn't have been barred five years later if it took the LAU that long to respond to him. Why didn't he seek reconsideration at that time? Perhaps it's because under the statute he thought the judicial review was independent, as the statute appears to indicate. The fact is the Petitioner has been in the country for 20 years, and under the SAW application, I think it's pretty clear from the AG's argument that he should have been a citizen right now, and he's just being denied his citizenship on what may or may not have been an untimely appeal. Thank you. Was he represented by counsel when the appeal was filed in January of 1992? I'm junior. January, excuse me, of 1992. I don't believe he was. At one time he was represented by an unlicensed attorney, but I think it was, I believe it was after that. So a notario publico or somebody like that, or you don't know? Who he was, oh, no, I believe he represented himself. So he's questioning whether he knew enough English to understand the 30 days, but he was able to file an appeal. It's pretty clear from his appeal that he filed it himself and that he didn't understand English because he just sort of reiterated that he had filled out this application and that it was sufficient. Thank you, counsel. That concludes the day's business and concludes our week. The Court stands adjourned.
judges: Noonan, Bybee, M.smith